# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2013

No. 13-10236
Summary Calendar

Lyle W. Cayce
Clerk

BRENT W. MYERS,

Plaintiff-Appellant

v.

M. SWINDLE, Dallas Policeman; S. TOMIYAMA, Dallas Policeman; JOHN
DOE, White Male Dallas Policeman; JOHN DOE, Black Male Dallas Policeman;
D. KUNKLE, Dallas Police Chief; JANE DOE, White Female Dallas Jail Medic;
JOHN DOE, Black Male Dallas Policeman; CLARENCE WOOTEN; DWAYNE
COOPER; DOYLE WYNN; DAVID DAVIS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-2292

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brent W. Myers, formerly Texas prisoner # 1513909, moves to proceed in

forma pauperis (IFP) in his appeal of the summary judgment dismissal of his pro

se 42 U.S.C. § 1983 complaint. The district court certified that an appeal would

not be in good faith. By moving for leave to proceed IFP, Myers is challenging

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his IFP application, Myers asserts that the district court failed to set forth in writing the reasons why it was certifying that his appeal was not taken in good faith. The district court provided its reasons by incorporating by reference the magistrate judge's previous findings and conclusions as its own reasons for certifying that the appeal was not taken in good faith; that is sufficient. *See Baugh*, 117 F.3d at 202 n.21. Myers's conclusional assertion that there was conflicting evidence, without record citations and a discussion of the evidence, and his assertion that the district court erred by weighing the evidence, without a discussion of the district court's analysis, are insufficient to establish that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220.

Myers's appeal is without arguable merit and is thus frivolous. *See Howard*, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Given Myers's history of frivolous filings, *see Myers v. Nash*, 464 F. App'x 348, 350 (5th Cir. 2012), and the frivolous nature of the instant appeal, Myers is WARNED that any future frivolous pleadings in this court or in any court subject to the jurisdiction of this court will subject him to sanctions. Myers is DIRECTED to review any pending matters to ensure that they are not frivolous.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.